**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>BOTTOM LINE RESULTS, INC.,<br><br>Debtor. | Case No. 16-12112-HRT<br>Chapter 7 |
| DAVID E. LEWIS,<br>Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., fka THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUSTEE FOR RESIDENTIAL FUNDING MORTGAGE SECUTIRIES I, INC. MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-SA1,<br><br>Defendant. | Adversary Proceeding No. 17-01071-HRT |

**ANSWER TO BANKRUPTCY TRUSTEE'S ADVERSARY COMPLAINT**

Defendant, The Bank of New York Mellon Trust Company, N.A., fka The Bank of New York Trust Company, N.A. as Successor to JPMorgan Chase Bank, as Trustee for Residential Funding Mortgage Securities I, Inc., Mortgage Pass Through Certificates, Series 2004-SA1 ("Defendant"), by and through its counsel, Murr Siler & Accomazzo, P.C., submits its answer to the Adversary Complaint as follows:

**JURISDICTION AND VENUE**

1. Defendant admits this Court has subject matter jurisdiction over this action.

2. Defendant admits this adversary case is a core proceeding.

3. Defendant admits this is the proper venue for this action.

4. Defendant admits this action was filed as an adversary proceeding.

## GENERAL ALLEGATIONS

Parties

5. Defendant admits the allegations contained in paragraph 5 of the Adversary Complaint.

6. Defendant admits that it is a nationally chartered financial institution with an office located at 400 South Hope Street, Los Angeles, California 90071.

Factual Background

*BLR's Operations*

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 of the Complaint and therefore denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 8 of the Complaint and therefore denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9 of the Complaint and therefore denies the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 10 of the Complaint and therefore denies the same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 of the Complaint and therefore denies the same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 12 of the Complaint and therefore denies the same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 13 of the Complaint and therefore denies the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14 of the Complaint and therefore denies the same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 15 of the Complaint and therefore denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16 of the Complaint and therefore denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 17 of the Complaint and therefore denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 18 of the Complaint and therefore denies the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 19 of the Complaint and therefore denies the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 20 of the Complaint and therefore denies the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 21 of the Complaint and therefore denies the same.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 of the Complaint and therefore denies the same.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 23 of the Complaint and therefore denies the same.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 24 of the Complaint and therefore denies the same.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 25 of the Complaint and therefore denies the same.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 26 of the Complaint and therefore denies the same.

*The Receivership Case*

27. With respect to the allegations contained in paragraph 27 of the Complaint, the pleadings and court filings in Case No. 2014 CV 31358 (the "Receivership Case") speak for themselves and any averments contrary thereto are hereby denied. Defendant was not a party to the Receivership Case, is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 27 of the Complaint and therefore denies the same. As Defendant was not named as a party therein, Defendant further expressly denies any allegation that it is bound by any orders, findings, or rulings in the Receivership Case.

28. With respect to the allegations contained in paragraph 28 of the Complaint, the pleadings and court filings in the Receivership Case speak for themselves and any averments contrary thereto are hereby denied. Defendant was not a party to the Receivership Case and thus is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 28 of the Complaint and therefore denies the same. Defendant further expressly denies any allegation that it is bound by any orders, findings, or rulings in the Receivership Case.

29. With respect to the allegations contained in paragraph 29 of the Complaint, the pleadings and court filings in the Receivership Case speak for themselves and any averments contrary thereto are hereby denied. Defendant was not a party to the Receivership Case and thus is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 29 of the Complaint and therefore denies the same. Defendant further expressly denies any allegation that it is bound by any orders, findings, or rulings in the Receivership Case.

30. With respect to the allegations contained in paragraph 30 of the Complaint, the pleadings and court filings in the Receivership Case speak for themselves and any averments contrary thereto are hereby denied. Defendant was not a party to the Receivership Case and thus is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 30 of the Complaint and therefore denies the same. Defendant further expressly denies any allegation that it is bound by any orders, findings, or rulings in the Receivership Case.

31. With respect to the allegations contained in paragraph 31 of the Complaint, the pleadings and court filings in the Receivership Case speak for themselves and any averments contrary thereto are hereby denied. Defendant was not a party to the Receivership Case and thus is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 31 of the Complaint and therefore denies the same. Defendant further expressly denies any allegation that it is bound by any orders, findings, or rulings in the Receivership Case.

32. With respect to the allegations contained in paragraph 32 of the Complaint, the pleadings and court filings in the Receivership Case speak for themselves and any averments contrary thereto are hereby denied. Defendant was not a party to the Receivership Case and thus is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 32 of the Complaint and therefore denies the same. Defendant further expressly denies any allegation that it is bound by any orders, findings, or rulings in the Receivership Case.

33. With respect to the allegations contained in paragraph 33 of the Complaint, the pleadings and court filings in the Receivership Case speak for themselves and any averments contrary thereto are hereby denied. Defendant was not a party to the Receivership Case and thus is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 33 of the Complaint and therefore denies the same. Defendant further expressly denies any allegation that it is bound by any orders, findings, or rulings in the Receivership Case.

34. With respect to the allegations contained in paragraph 34 of the Complaint, the pleadings and court filings in the Receivership Case speak for themselves and any averments contrary thereto are hereby denied. Defendant was not a party to the Receivership Case and thus is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 34 of the Complaint and therefore denies the same. Defendant further expressly denies any allegation that it is bound by any orders, findings, or rulings in the Receivership Case.

35. With respect to the allegations contained in paragraph 35 of the Complaint, the pleadings and court filings in the Receivership Case speak for themselves and any averments contrary thereto are hereby denied. Defendant was not a party to the Receivership Case and thus

is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 35 of the Complaint and therefore denies the same. Defendant further expressly denies any allegation that it is bound by any orders, findings, or rulings in the Receivership Case.

36. With respect to the allegations contained in paragraph 36 of the Complaint, the pleadings and court filings in the Receivership Case speak for themselves and any averments contrary thereto are hereby denied. Defendant was not a party to the Receivership Case and thus is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 36 of the Complaint and therefore denies the same. Defendant further expressly denies any allegation that it is bound by any orders, findings, or rulings in the Receivership Case.

37. With respect to the allegations contained in paragraph 37 of the Complaint, the pleadings and court filings in the Receivership Case speak for themselves and any averments contrary thereto are hereby denied. Defendant was not a party to the Receivership Case and thus is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 37 of the Complaint and therefore denies the same. Defendant further expressly denies any allegation that it is bound by any orders, findings, or rulings in the Receivership Case.

*The Property at Issue*

38. Defendant admits the allegations contained in paragraph 38 of the Complaint.

39. Defendant admits the allegations contained in paragraph 39 of the Complaint.

40. Defendant admits the allegations contained in paragraph 40 of the Complaint. Defendant further admits that it has a perfected security interest prior to the events alleged herein.

41. Defendant admits the allegations contained in paragraph 41 of the Complaint. Defendant further admits that it has a perfected security interest prior to the events alleged herein.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 42 of the Complaint and therefore denies the same.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 43 of the Complaint and therefore denies the same.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 44 of the Complaint and therefore denies the same.

45. With respect to the allegations contained in paragraph 45 of the Complaint, the pleadings and court filings in the Receivership Case speak for themselves and any averments contrary thereto are hereby denied. Defendant was not a party to the Receivership Case and thus is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 45 of the Complaint and therefore denies the same. Defendant further expressly denies any allegation that it is bound by any orders, findings, or rulings in the Receivership Case.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 46 of the Complaint and therefore denies the same.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 47 of the Complaint and therefore denies the same.

*The Bankruptcy Case*

48. With respect to the allegations contained in paragraph 48 of the Complaint, the pleadings and court filings in the Receivership Case speak for themselves and any averments contrary thereto are hereby denied.

49. With respect to the allegations contained in paragraph 49 of the Complaint, the pleadings and court filings in the Bankruptcy Case speak for themselves and any averments contrary thereto are hereby denied.

50. With respect to the allegations contained in paragraph 50 of the Complaint, the pleadings and court filings in the Bankruptcy Case, and the Property sale records and Trustee's accounting thereof speak for themselves and any averments contrary thereto are hereby denied. Defendant further denies that any portion of Defendant's loan should be categorized as "disputed." Defendant held a fully secured, prior perfected lien upon the Property prior to the alleged Ponzi scheme referenced in the Trustee's adversary proceeding.

## CLAIM FOR RELIEF
**(Determination of Validity, Extent or Priority of Liens)**

51. Defendant incorporates all paragraphs of its answer as if fully set forth herein.

52. Defendant admits that this Court may determine the validity and amount owed under Defendant's prior, perfected, and secured lien, but denies any allegation that Defendant's claim is validly disputed or that it should be limited to anything other than a full payoff of all amounts lawfully due.

53. With respect to the allegations contained in paragraph 53 of the Complaint, the pleadings and court filings in the Receivership Case speak for themselves and any averments contrary thereto are hereby denied. Defendant was not a party to the Receivership Case and thus is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 53 of the Complaint and therefore denies the same. Defendant further expressly denies any allegation that it is bound by any an order, finding, or ruling in the Receivership Case. Defendant further denies that full payment of Defendant's secured claim would constitute a "windfall" or that such payment would be "at the expense of the many victims of the BLR scheme."

54. Defendant admits that this Court may determine the validity and amount owed under Defendant's prior perfected and secured lien, but denies any allegation that Defendants claim is validly disputed or that it should be limited to anything other than a full payoff of all

amounts lawfully due. Defendant further denies that surcharging costs against Defendant is authorized under the Bankruptcy Code or other applicable law.

55. Defendant expressly denies any allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

A. Plaintiff's claim is barred because it fails to state a claim upon which relief can be granted.

B. Plaintiff's claim is barred or limited by the Bankruptcy Code and other applicable bankruptcy law, including but not limited to 11 U.S.C. §§ 363 and 506.

C. Plaintiff's claim is barred because Defendant has a valid, perfected, and fully secured lien against the Property.

D. Plaintiff's claim is barred by waiver and/or estoppel.

E. Plaintiff's claim is barred by its failure to mitigate its damages.

F. Defendant reserves the right to add additional affirmative defenses as they become known through discovery or otherwise.

G. Plaintiff's claim is barred because Defendant's fully secured and perfected lien was granted and vested prior to any of the acts alleged herein by plaintiff.

H. Plaintiff's claim is barred because Defendant's secured claim is prima facie valid and plaintiff has not made any factual allegations or submitted any evidence that the full amount owed under Defendant's prior perfected deed of trust is not lawfully due.

I. In the alternative, even if Defendant's secured claim is reduced, Defendant asserts an unsecured claim for any remaining amounts due.

J. Defendant is entitled to recover its reasonable attorneys' fees and costs incurred in connection with the State Court Receivership Case, this Bankruptcy Case, and this Adversary Proceeding as part of its secured claim pursuant to the terms of the Note and Deed of Trust and/or C.R.S. § 13-17-101 et seq.

WHEREFORE, Defendant prays for judgment in its favor and against Plaintiff and for an award of costs and attorneys' fees as the Court deems appropriate.

DATED this 31st day of March, 2017.

*Original signature on file at the law offices of:*
MURR SILER & ACCOMAZZO, P.C.

By: *s/ Jamie G. Siler*
Jamie G. Siler, #31284
410 17th Street, Suite 2400
Denver, Colorado 80202
Telephone: (303) 534-2277

*Attorneys The Bank of New York Mellon Trust Company, N.A., fka The Bank of New York Trust Company, N.A. as Successor to JPMorgan Chase Bank, as Trustee for Residential Funding Mortgage Securities I, Inc., Mortgage Pass Through Certificates, Series 2004-SA1*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March, 2017, a true and correct copy of the ANSWER TO BANKRUPTCY TRUSTEE'S ADVERSARY COMPLAINT was filed and served via the courts CM/ECF Filing System:

David Wadsworth
Aaron J. Conrardy
SENDER WASSERMAN WADSWORTH, P.C.
1660 Lincoln St.
Ste. 2200
Denver, CO 80264
*Attorneys for Chapter 7 Trustee*

*s/Mark S. Adams*
Mark S. Adams, paralegal